FILED
John E. Triplett, Acting Clerk
United States District Court

By CAsbell at 5:27 pm, Jul 13, 2020

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## WAYCROSS DIVISION

FARID MOHAMMED,

        Petitioner,

    v.

WARDEN, FOLKSTON ICE PROCESSING
CENTER,[1]

       Respondent.

CIVIL ACTION NO.: 5:20-cv-71

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on Petitioner Farid Mohammed's ("Mohammed")

failure to comply with the Court's June 3, 2020 directive and this Court's Local Rules.  Doc. 7.

For the following reasons, I **RECOMMEND** the Court **DISMISS without prejudice**

Mohammed's 28 U.S.C. § 2241 Petition, doc. 1, for failure to follow this Court's directive and

Local Rules, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate

judgment of dismissal, and **DENY** Mohammed leave to appeal *in forma pauperis*.[2]

---

[1]      The only proper respondent in a § 2241 case such as this is the inmate's immediate custodian—
the warden of the facility where the inmate is confined.  <u>Rumsfeld v. Padilla</u>, 542 U.S. 426, 434–35
(2004).  Upon information and belief, Patrick Gartland is no longer the Warden at the Folkston ICE
Processing Center due to his retirement, and his replacement has not been named.  The Court **DIRECTS**
the Clerk of Court to change the docket and record of this case to reflect "Warden, Folkston ICE
Processing Center" as the only named Respondent.

[2]      A "district court can only dismiss an action on its own motion as long as the procedure employed
is fair. . . . To employ fair procedure, a district court must generally provide the plaintiff with notice of its
intent to dismiss or an opportunity to respond."  <u>Tazoe v. Airbus S.A.S.</u>, 631 F.3d 1321, 1336 (11th Cir.
2011) (citations and internal quotation marks omitted).  A magistrate judge's Report and
Recommendation provides such notice and opportunity to respond.  <u>See Shivers v. Int'l Bhd. of Elec.
Workers Local Union, 349</u>, 262 F. App'x 121, 125, 127 (11th Cir. 2008) (indicating that a party has
notice of a district court's intent to sua sponte grant summary judgment where a magistrate judge issues a
report recommending the sua sponte granting of summary judgment); <u>Anderson v. Dunbar Armored, Inc.</u>,

## BACKGROUND

On May 20, 2020, Mohammed filed his 28 U.S.C. § 2241 Petition in the Northern District of Georgia.  Doc. 1.  That court transferred Mohammed's Petition to this Court.  Doc. 4. At the time of the transfer, Mohammed had not paid the required filing fee or moved to proceed *in forma pauperis*.  Accordingly, on June 3, 2020, the Clerk of Court directed Mohammed to either pay the $5.00 filing fee or file a motion to proceed *in forma pauperis* within 21 days.  Doc. 7.  The Clerk warned Mohammed that his failure to comply with that notice may result in dismissal of this action.  Id.  That mailing was returned as undeliverable with the notations "Return to Sender, No Mail Receptacle, Unable to Forward."  Doc. 8.  The Clerk of Court re-mailed this notice to Mohammed using a more complete address, and that mailing was also returned, this time with the notations "Return to Sender, No Longer Here 6/12" and "Not Deliverable as Addressed, Unable to Forward."  Doc. 9.  Mohammed has not paid the requisite filing fee, moved to proceed *in forma pauperis*, or notified the Court of any change in address. This Court's Local Rules provide, "Each . . . *pro se* litigant has a continuing obligation to apprise the Court of any address change."  Local R. 11.1.

## DISCUSSION

The Court must now determine how to address Mohammed's failure to pay the filing fee and failure to comply with this Court's directive and Local Rules.  For the reasons set forth

---

678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting that report and recommendation served as notice that claims would be sua sponte dismissed).  This Report and Recommendation constitutes fair notice to Mohammed that his suit is due to be dismissed.  As indicated below, Mohammed will have the opportunity to present his objections to this finding, and the presiding district judge will review de novo properly submitted objections.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; see also Glover v. Williams, No. 1:12-CV-3562, 2012 WL 5930633, at *1 (N.D. Ga. Oct. 18, 2012) (explaining that magistrate judge's report and recommendation constituted adequate notice and petitioner's opportunity to file objections provided a reasonable opportunity to respond).

below, I **RECOMMEND** the Court **DISMISS without prejudice** Mohammed's Petition and

**DENY** Mohammed leave to appeal *in forma pauperis*.

I.      **Dismissal for Failure to Follow This Court's Directive and Local Rules**

A district court may dismiss a petitioner's claims sua sponte pursuant to either Federal

Rule of Civil Procedure 41(b) ("Rule 41(b)") or the court's inherent authority to manage its

docket.[3]  Link v. Wabash R.R. Co., 370 U.S. 626 (1962);[4]  Coleman v. St. Lucie Cty. Jail, 433

F. App'x 716, 718 (11th Cir. 2011) (citing Fed. R. Civ. P. 41(b) and Betty K Agencies, Ltd. v.

M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)).  In particular, Rule 41(b) allows for the

involuntary dismissal of a petitioner's claims where he has failed to prosecute those claims,

comply with the Federal Rules of Civil Procedure or local rules, or follow a court order.  Fed. R.

Civ. P. 41(b); see also Coleman, 433 F. App'x at 718; Sanders v. Barrett, No. 05-12660, 2005

WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing Kilgo v. Ricks, 983 F.2d 189, 192 (11th Cir.

1993)); cf. Local R. 41.1(b) ("[T]he assigned Judge may, after notice to counsel of record, *sua*

*sponte* . . . dismiss any action for want of prosecution, with or without prejudice[,] . . . [based on]

willful disobedience or neglect of any order of the Court." (emphasis omitted)).  Additionally, a

district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and

ensure prompt disposition of lawsuits."  Brown v. Tallahassee Police Dep't, 205 F. App'x 802,

802 (11th Cir. 2006) (quoting Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983)).

---

[3]      Pursuant to Rule 1(b) of the Rules Governing Section 2254 Cases, the § 2254 Rules may be
applied to § 2241 petitions.  Additionally, pursuant to Rule 12 of the § 2254 Rules, the Federal Rules of
Civil Procedure may apply to a habeas petition, to the extent the Civil Rules are not inconsistent with the
§ 2254 Rules.

[4]      In Wabash, the Court held that a trial court may dismiss an action for failure to prosecute "even
without affording notice of its intention to do so."  370 U.S. at 633.  Nonetheless, in the case at hand, the
Court advised Mohammed that his failure to pay the filing fee or to move to proceed *in forma pauperis*
could result in dismissal of this action.  Doc. 7.

It is true that dismissal with prejudice for failure to prosecute is a "sanction . . . to be utilized only in extreme situations" and requires that a court "(1) conclud[e] a clear record of delay or willful contempt exists; and (2) mak[e] an implicit or explicit finding that lesser sanctions would not suffice." Thomas v. Montgomery Cty. Bd. of Educ., 170 F. App'x 623, 625–26 (11th Cir. 2006) (quoting Morewitz v. West of Eng. Ship Owners Mut. Prot. & Indem. Ass'n (Lux.), 62 F.3d 1356, 1366 (11th Cir. 1995)); see also Taylor v. Spaziano, 251 F. App'x 616, 619 (11th Cir. 2007) (citing Morewitz, 62 F.3d at 1366).  By contrast, dismissal without prejudice for failure to prosecute is not an adjudication on the merits, and, therefore, courts are afforded greater discretion in dismissing claims in this manner.  Taylor, 251 F. App'x at 619; see also Coleman, 433 F. App'x at 719; Brown, 205 F. App'x at 802–03.

While the Court exercises its discretion to dismiss cases with caution, dismissal of this action without prejudice is warranted.  See Coleman, 433 F. App'x at 719 (upholding dismissal without prejudice for failure to prosecute where plaintiff did not respond to court order to supply defendant's current address for purpose of service); Taylor, 251 F. App'x at 620–21 (upholding dismissal without prejudice for failure to prosecute, because plaintiffs insisted on going forward with deficient amended complaint rather than complying, or seeking an extension of time to comply, with court's order to file second amended complaint); Brown, 205 F. App'x at 802–03 (upholding dismissal without prejudice for failure to prosecute where plaintiff failed to follow court order to file amended complaint and court had informed plaintiff that noncompliance could lead to dismissal).

With Mohammed having neither paid the filing fee nor moved to proceed *in forma pauperis*, the Court cannot proceed in this case.  See 28 U.S.C. §§ 1914 & 1915.  Additionally, Mohammed has not informed the Court of any change in his address.  Mohammed was given

notice of the consequences of his failure to follow the Court's directive, and Mohammed has not made any effort to do so or to otherwise prosecute this case.  Thus, the Court should **DISMISS without prejudice** Mohammed's § 2241 Petition, doc. 1, for failure to follow this Court's directive and Local Rules and **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal.

## II.    Leave to Appeal *in Forma Pauperis*

The Court should also deny Mohammed leave to appeal *in forma pauperis*.  Though Mohammed has not yet filed a notice of appeal, it would be appropriate to address that issue in the Court's order of dismissal.  See Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard.  Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact."  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Mohammed's failure to follow this Court's directive, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith.  Thus, the Court should **DENY** Mohammed *in forma pauperis* status on appeal.

## CONCLUSION

For the above-stated reasons, I **RECOMMEND** the Court **DISMISS without prejudice** Mohammed's 28 U.S.C. § 2241 Petition, doc. 1, for failure to follow this Court's directive and Local Rules, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Mohammed leave to appeal *in forma pauperis*.

The Court directs any party seeking to object to this Report and Recommendation to file specific written objections within 14 days of the date on which this Report and Recommendation is entered.  Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included.  Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge.  See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985).  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final

judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 13th day of July, 2020.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA